Filed 7/3/23  P. v. Jones CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RONALD LEE JONES,<br><br>Defendant and Appellant. | F084955/F085434<br>(Consolidated)<br><br>(Stanislaus Super. Ct.<br>No. CR-22-006740)<br><br><br>**OPINION** |

-----

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

-----

[*] Before Hill, P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

Appellant and defendant Ronald Lee Jones (appellant) entered into a plea agreement and was sentenced to a second strike term of 32 months, based on the allegations in the amended complaint that he had two prior strike convictions. Thereafter, defense counsel advised the court that one of the prior strike convictions was invalid. The parties reached a new disposition and the court recalled and resentenced appellant to two years.

On appeal, his appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, and asked this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not filed a supplemental brief. We affirm.

## FACTS[1]

On July 13, 2022, Officer Eric Souza of the Ceres Police Department was driving through a parking lot on East Hatch Street in Stanislaus County when he was flagged down by Gerilyn Proctor, who was in a motorized wheelchair.

Ms. Proctor reported that a couple of days earlier, she had parked her Toyota in a parking lot on East Service Road, which was across town. After she parked her car, she became ill, believed she was having a heart attack, and called 911. She was taken to the hospital by ambulance. Ms. Proctor stated she believed that she left her vehicle unlocked with the keys in the car. While she was in the hospital, she asked a friend to check on her car and the friend reported the car was gone.

Officer Souza drove to the area where Ms. Proctor left her car, and he saw her Toyota at a gas station. As Souza walked up to the vehicle, appellant was sitting in the driver's seat but lying across the front seat. The keys were in the ignition, and the

---

[1] The following facts are from the preliminary hearing transcript, which the parties stipulated to as the factual basis for appellant's plea.

2.

vehicle's engine was running. Appellant identified himself and said that a woman he knew named "Jerry" gave the vehicle to him a few days earlier.

Another officer transported Ms. Proctor to the scene, and she identified the 1995 Toyota as her vehicle. Officer Souza asked Ms. Proctor what the vehicle was worth, and she said $1,000. Ms. Proctor said she did not know appellant, and no one had permission to drive her car.

## PROCEDURAL BACKGROUND

On July 20, 2022, a first amended complaint was filed in the Superior Court of Stanislaus County charging appellant with count 1, unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)), and count 2, receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)), with allegations as to both counts that the value of the vehicle exceeded $950, and he had a prior conviction for possession of a stolen vehicle and two prior strike convictions.

On July 27, 2022, the court conducted the preliminary hearing. After the People rested, appellant entered into a negotiated disposition and pleaded no contest to count 1, unlawfully taking or driving a vehicle, and admitted the value of the vehicle exceeded $950 and one prior strike conviction. Appellant was sentenced to the lower term of 16 months, doubled to 32 months in prison as the second strike term. The parties stipulated to the preliminary hearing evidence as the factual basis. The court granted the People's motion to dismiss the remaining charge and allegations. The court found appellant did not have the ability to pay any fines and fees.

On August 29, 2022, appellant filed a timely notice of appeal (case No. F084955) and requested a certificate of probable cause because one of the two strike convictions alleged in the amended complaint was invalid. His request for a certificate was denied.

**Recall and Resentencing**

On October 31, 2022, the court held a hearing on a motion that appellant brought to either withdraw his plea or to dismiss the prior strike convictions alleged against him.

3.

The parties agreed appellant only had one prior strike conviction, and not two strikes as alleged in the amended complaint.

The parties reached a new negotiated disposition where appellant would not withdraw his plea, but the court would resentence him. The court recalled appellant's sentence, ordered all alleged prior strikes dismissed (including the one valid strike), and sentenced appellant to the midterm of two years in prison. On November 1, 2022, a corrected abstract of judgment was filed that showed appellant was sentenced to two years.

On December 14, 2022, appellant filed a notice of appeal (case No. F085434); his request for a certificate of probable cause was denied.

On March 20, 2023, this court granted appellant's motion to consolidate cases Nos. F084955 and F085434 and ordered all further filings under case No. F084955.

## DISCUSSION

As noted above, appellant's counsel filed a *Wende* brief with this court in these consolidated cases. The brief also included counsel's declaration indicating that appellant was advised he could file his own brief with this court. By letter on April 27, 2023, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.